Caldwell, J.
The controversy in this case arises in reference to a claim set up by Putnam county against Allen county for a .sum of money, which, it is claimed, is due from Allen to Putnam county, by virtue of the provisions of the statutes creating the 'County of Auglaize. A large portion of the territory of Allen *278 county was taken for tho purpose of erecting the new county of Auglaize; and in order to compensate Allen county for the territory thus lost, a portion of Putnam county was added to Allen. The county of Putnam was largely indebted at the time. And, in order to enable Putnam county to retain her capacity to pay off her debt, and to do justice in the premises, the legislature provided as follows : “ That the commissioners of the counties of Allen and Putnam shall meet on or before the first Monday of April next, or within sixty days thereafter, and ascertain and determine the amount of the public debt of Putnam county, exclusive of that for the surplus revenue loaned to said county, and the proportion which the value of the taxable lands set off by this act to the county of Allen from the county of Putnam bears to the value of the taxable lands by this act remaining in Putnam county ; and hereafter each year, until the public debt aforesaid shall be paid off and discharged, there shall be paid out of the treasury of Allen county, upon the order of the auditor thereof, to the treasurer of Putnam county, a sum which shall bear the same proportion to the amount raised in that year by Putnam county for the payment of the debt aforesaid, as the value of the *taxable lands so set off as aforesaid, bears to that of those so as aforesaid remaining in Putnam county; and the same shall be applied to the extinguishment of said debt, and to no other purpose; and it shall be the duty of' the commissioners of Allen county to levy a sufficient tax to raise-said sum.” 46 Ohio L. L. 128, sec. 12.
Within tho time prescribed by the statute, the commissioners of Putnam county met at Halida, having notified the commissioners of Allen county of the meeting. The commissioners of Allen county failed, and refused to attend. The commissioners of Putnam county proceeded to ascertain the debt of Putnam county, and found that it amounted to over $10,000 ; and, in accordance with the rule laid down in the statute, made a computation of what amount of this debt should be liquidated by Allen county. For the year 1849, Putnam county collected by tax $860.29, and paid off that amount of the debt. This required of Allen county, according to the computation made as above to pay as her proportion to the county of Putnam, $330. A demand was made on tho auditor of Allen county to draw an order in favor of Putnam county for that amount; this he refused to do. On application to the su *279 preme court on the circuit, an alternative mandamus was granted! to the auditor of Allen county.
The auditor answered, assigning various reasons why a peremptory mandamus should not issue. All these reasons have, by an agreement of counsel, been withdrawn, except one, which is that-the law under which this claim arises is unconstitutional.
It has been substantially agreed that all the facts alleged by the-plaintiff shall be taken as true. Is the law constitutional?
Under the constitution of 1802, in existence when these proceedings were had, it was always supposed that the legislature had power to erect new counties out of those already established, only limited by the provision that required all of the counties to be of a certain extent of territory, and, as % consequence of the exercise of this power, justice frequently required that an adjustment of the property and liabilities of the counties out of which the new county was formed, should be made. Counsel have not referred us-to any provision of the constitution that has been violated by such action, and we are unable to discover any. It has been often said that this power of the legislature, in making new counties, has been much abused, and we think it likely that it has been ; but this does-not affect the constitutional right to exercise the power. We suppose that the legislature had the power to make new counties, and that, in the exercise of such power, they were frequently required to make provision for adapting the liability of the counties affected by such change to the new state of things.
It is said, however, that this law is unjust towards the old part of Allen county. Now, as between Allen and Putnam counties, if Allen received about one-third of Putnam county, Putnam would, in that proportion, be less able to pay her debts ; and Allen, by the accession, would be more able to pay her own debts and expenses, and could without loss from the change pay a portion of the debt of Putnam county, and justice required that she should do it.
But whether she was required to pay more than her share, we have not the means of accurately ascertaining. Nor is it important in the present controversy ; for if the legislature, in the exercise of a constitutional power, were mistaken in judgment, it would not render their act unconstitutional or void. We have no doubt that the law is constitutional and valid. This disposes of the main controversy between the parties.
A question, however, arises, Whether this court, under the cir *280 eumstanoes, can compel the auditor of Allen county, by mandamus, to issue the order for the amount claimed by Putnam county? The auditor of a county is a ministerial officer, except in such special cases as the legislature may clothe him with discretionary powers. , The county commissioners are the general legal representatives of the county. *In this particular instance, the auditor had no authority in determining the amount that was to be paid by Allen county; he was merely to draw an order for such amount as should be determined on by the commissioners of the two counties. The amount to be paid has never been decided in the way provided for by the statute. On the refusal of the commissioners of Allen county to meet with those of Putnam county, and to fix the amount, a right of action accrued to Putnam county to recover from Allen such amount as might be found due, under the rule of computation laid down in the statute.
No provision is made for the commissioners of Putnam county alone fixing the amount. So that Allen county is not bound by the assessment thus made, although she is bound to pay so much as might be found due in an appropriate action. If the amount were fixed in the mode contemplated in the statute, or if it were liquidated by judgment, mandamus would be the proper remedy to compel the auditorio perform the ministerial act of drawing the order; but until the amount is thus liquidated, we think the auditor can not be compelled to act; the time for his action has not arrived. It is true that no objection is taken in this proceeding to the amount; it is admitted that the indebtedness of Putnam county is truly stated, and that the sum that Allen county was to pay, was assessed in the manner and at the time claimed by plaintiff; but it is not clearly admitted to be the true liability of Allen county; but even if it were, the auditor, having no right to fix the amouut, could not, as we think, bind the county by any admission. The action of the auditor, in this matter being merely ministerial, we think that mandamus will not be against him for refusing to act until the amount is.legally assessed. This principle is clearly recognized in the case of Burnet v. The Auditor of Portage Co., 12 Ohio 57. The application of a peremptory mandamus will therefore be refused, and the writ dismissed.

Peremptory mandamus refused.